# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA TRUST,<br><br>    Plaintiff<br><br>    v.<br><br>MONIKA BEITBADAL,<br><br>    Defendant | CASE NO. 1:15-CV-01773-AWI-EPG<br><br>ORDER SUA SPONTE REMANDING MATTER DUE TO LACK OF JURISDICTION |

Defendant Monika Beitbadal removed this case from the Superior Court of Stanislaus County on November 24, 2015. Doc. 1.  The Complaint contains a single cause of action for unlawful detainer under state law. Doc. 1, Ex. A.  Defendant asserts that the basis for removal is federal question jurisdiction because "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201. Further, this statute is drawn in controversy in this action because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding; Defendant asserts and alleges that Plaintiff did not allow the ninety day period to lapse before filing his claim." Doc. 1, 3:1-6.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of

the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485. Under the 'well-pleaded complaint' rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014. Thus, "a case may not be removed on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, Defendant has not shown that removal was appropriate. Plaintiff's Complaint is for an unlawful detainer action that is based entirely on state law. Plaintiff's reference to Section 5201 in the notice to vacate premises was simply included to inform Defendant of her rights under

the law. While Defendant asserts that Section 5201 may provide her with a defense, the federal statute does not form part of Plaintiff's claim. There is no federal question in Plaintiff's Complaint. Because there is no federal question appearing in Plaintiff's Complaint, Defendant has failed to successfully invoke this Court's jurisdiction. Remand to the Stanislaus County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED to the Superior Court of Stanislaus County.

IT IS SO ORDERED.

Dated:   November 25, 2015                    _____
                                              SENIOR DISTRICT JUDGE

3